FELIX PELTIER ads. THE RECEIVERS OF THE WASHINGTON BANKING COMPANY.

Affidavits for bail need not be entitled of the court in which they are filed.

It is not necessary to the validity of the affidavit for bail, that the residence or place of abode of the person who made the affidavit, should be inserted in it, though it is advisable to do so, to the end, that he may be the more readily found and identified in case an indictment for perjury should be preferred.

It is not essential to an affidavit for bail, that the town or county in which it was made, should be stated in it. An affidavit for bail setting forth, that the defendant is "indebted in a certain amount on his promissory note, and on a balance of account against him, on the books of the banking company," is insufficient, and the defendant will be discharged on common bail. The affidavit for bail, need not be as specific and particular, as a declaration, but it must contain such facts, as shew, if true, that the plaintiff has a present, subsisting cause of action; it must shew how indebted, and for what; it should disclose the character in which the defendant is a party to the instrument, so that his liability may appear to the court ; it should be express, certain, explicit and intelligible.

This was an application to discharge the defendant on com-

mon bail. *I. H. Williamson* and *Wall* argued in support of the application on the part of the defendant. *W. Pennington,* contra.

The opinion of the court was delivered by

HORNBLOWER, C. J. The motion is founded on the insufficiency of the affidavit for bail, filed in this cause. The affidavit is as follows: viz.—" New Jersey, ss : Aaron S. Pennington, being duly sworn according to law, maketh oath and saith, that he is one of the receivers for the stockholders and creditors of the Washington Banking Company : and that Felix Peltier is indebted unto deponent and Elias B. D. Ogden, and John J. Chetwood, as receivers for the stockholders and creditors of the Washington Banking Company in the sum of twenty-two thousand six hundred and eighty-five dollars, on his promissory note;  and in the sum of six hundred fifty-seven dollars and fifty-two cents, on a balance of account against him on the books of the said Banking Company, according to the best of deponent's knowledge and belief."

It was justly remarked by the counsel for the plaintiffs, that this subject has been very prolific of cases; a great number and variety of which, with very commendable industry and research, were cited on the argument, for and against this motion.

It is not necessary for the decision of this case, to express an opinion on all the points raised by the counsel for the defendant : but as they have been pretty fully discussed, and a decision upon them may be useful to practitioners, the several objections taken to the affidavit in this case, will be considered in the order in which they were presented.

1. It was insisted, that the affidavit ought to have been entitled of the court in which it was intended to be used.

In England, the rule and practice in this respect is different, in the K. B. and C. B. In the latter, an affidavit, to which the name of the court is not prefixed, cannot be read. *Osborn* v. *Tatum,* 1 *Bos. & Pul.* 271.

But in the K. B. the affidavit need not be entitled of the court, provided it appears to have been sworn to, before some person authorized to take affidavits to be used in that court.

*Kennett* v. *Avon, Can. Co.* 7 *T. R.* 451 ; *Bland* v. *Drake,* 1 *Chitt. R.* 165, (18 *Eng. C. L. R.* 57.) 1 *Petersd. Abr.* 251.

And we have in this, as in other matters, adopted the practice of the King's Bench. *Per Justice Pennington, in Parker & al* v. *Ogden,* 1 *Penn. Rep.* 146. The case of *The King* v. *Hare,* 13 *East,* 189, cited by the plaintiff's counsel, was an affidavit in a cause pending in the court, and not a mere affidavit for bail. But it seems to have been overruled, or at least not regarded as law, in the case of *Bland* v. *Drake,* 1 *Chitt. Rep.* 165.

Indeed it has never been the practice in this state, to entitle affidavits for Bail, of the court in which they are used. It would be extremely inconvenient to require such a practice. By the provisions of our statute, such affidavits may be taken before a variety of officers, at home or abroad, and from the nature of the case, must often be made without its being known at the time in what court they are to be used. Affidavits for bail, need not, therefore, be entitled of the court in which they are filed.

2. It was objected, that the residence or place of abode of the person who made the affidavit, is not inserted in it.

This was not necessary to the validity of the affidavit. It is no doubt, advisable to state the residence of the deponent, to the end that he may be the more readily found and identified, in case an indictment for perjury should be preferred. But it is only in pursuance of a rule of court, (made in the K. B. *Mich. Ter.* 15 *Car.* 2) that the true place of abode, and true addition of every person making an affidavit in court, is required to be inserted in such affidavit. (*Anonymous,* 6 *Taunt.* 73.)

This rule seems to have been induced by the statute of additions. 1 *Hen.* 5, *c.* 5. And though in terms it extends only to affidavits made in a cause *in* court, yet in practice, it has always been considered as extending to affidavits for bail, *Jarrett* v. *Dillon,* 1 *East,* 18. We have no statute of additions in this state, nor any such rule of court as that above mentioned ; consequently this objection must also fail.

3. It is objected that it does not appear where the affidavit was made. 1 *Burrs. Tri.* 97, 98 ; *Provost* v. *Bank of North America,* cited in *Halst. Dig.* 174, *pl.* 5 ; *Bennett* v. *Rail Road Co.* 2 *Green* 154.

The affidavit in this case, as appears by the jurat, was made before a commissioner of this court, and is entitled, " New Jersey, ss." The fair and legal presumption therefore is, that it was taken within this state, which is sufficient. The cases which were cited in support of this objection, do not go so far as to say, that the affidavit is bad or insufficient, if the place of making it is not inserted. It is the act of the officer, and no part of what is sworn to by the deponent. It is no doubt very proper, for officers, especially if they have only a limited territorial jurisdiction, to certify in affidavits taken before them, the place or county : first, that it may appear on the face of the document, that it was taken within his jurisdiction ; and secondly, that perjury may be properly assigned, should it become necessary. But the place *where* an affidavit was actually made, is a matter *in pais.* If the officer certifies it to have been made in A, it may be shewn to have been actually sworn to in B. Otherwise, perjury might be committed with impunity, if the officer by design or accident, inserted a wrong place. It is not therefore essential to an affidavit for bail, that the town or county in which it was made, should be stated in it. It seems to be the rule in England, in the K. B. that affidavits taken before *commissioners,* cannot be read, unless the names of the place and county where they were taken, are stated in the jurat. 1 *Arch. Pr. K. B.* 56 ; 2 *ibid* 281; *Rex* v. *The Justices, &c.*; 3 *M. & S.* 493 ; *Boyd* v. *Straker,* 7 *Price* 662. But the contrary was held in *Symmons* v. *Mason,* 1 *Bos. & Pul.* 105. The reason given for the rule is, that the court by referring to their records, may ascertain the authority of the person before whom the affidavit purports to have been sworn. But in this state, the affidavit may be taken before a variety of officers, within and out of the state, whose authority to administer an oath, the court have no means of ascertaining. The reason for the rule therefore, does not exist with us, and consequently the rule does not apply. But the 4th objection is well taken. " The " cause of action " is not stated with sufficient certainty, or rather it does not state any " cause of action " within the meaning of the statute.

The affidavit need not be as specific and particular as a declaration, but it must contain such facts, as shew, if true that the plaintiff has a present, subsisting cause of action. He is

Peltier *v.* Banking Co.

not to swear to the *law* of his case, as he understands it; but to the *facts*, as he believes them to be. It is not sufficient that the plaintiff should swear, that the defendant is indebted to him; he may honestly think he is so; when if the facts were disclosed, the law would determine that there was no indebtedness at all, or no present liability to an action. The affidavit must, therefore show how indebted, and for what. But upon this affidavit, it is impossible for the court to say, whether the plaintiffs have any cause of action against the defendant. So far as respects the promissory note, every word may be true, and yet the plaintiffs have no cause of action. The defendant may be " indebted " to the plaintiffs, but it may be a *debitum in presenti, solvendum in futuro.* The affidavit neither states that the money mentioned in the note or any part of it, is actually due and payable, nor does it set out the date and tenor of the note so that its maturity may even be inferred. In this particular, then, the affidavit is insufficient: it does not shew a debt actually due and payable, for which an arrest may now lawfully be made. *Parker & al* v. *Ogden,* 1 *Penn. Rep.* 146; *Machu* v. *Frazer,* 7 *Taunt.* 171, (2 *Eng. C. L. Rep.* 65;) *Edwards* v. *Dick,* 3 *Barn. & Ald.* 495—see 5 *Eng. C. L. Rep.* 355; *Holcomb* v. *Lambkin,* 2 *M. & S.* 475; *Sands* v. *Graham,* 4 *J. B. Moore Rep.* 18, see 16 *Eng. C. L. Rep.* 359.

Our statute, (*Rev. Laws* 404) differs from 5 *Geo.* II. *c.* 27, only in this, that it makes the affidavit sufficient, if the party swear to the best of his knowledge and belief. But both require " the cause of action " to be stated. An affidavit for bail, therefore, in this court, though it need not be unqualified, must contain all that is essential to a good affidavit in the K. B. It may not be necessary on a promissory note, or bill of exchange, to describe the instrument with technical accuracy, nor to shew the plaintiff's relation or title to it. But it must appear by the affidavit, to be due and payable. *Elstone* v. *Mortlake,* 1 *Chitt. Rep.* 648—18 *Eng. C. L. Rep.* 190; *Bradshaw* v. *Saddington,* 7 *East,* 94; *Warmsley* v. *Macey,* 2 *Brod. & Bing.* 338— 6 *Eng. C. L. Rep.* 143, and cases cited in 1 *Petersd. Abridg. tit. Affidavit* 406, *&c.*

It should, however, invariably disclose the character in which the defendant is a party to the instrument, so that his

liability may appear to the court. *Humphries* v. *Winslow*, 6 *Taunt.* 531—1 *Eng. C. L. Rep.* 476; *S. C.* 2 *Marsh*, 231; 2 *Brod. & Bing.* 338.

The affidavit in this case, does not do so. It neither gives, the date or amount of the note, when, or to whom payable, nor by whom made. It simply says, the defendant is indebted "on *his* promissory note." This is too general and indefinite. Whether *his* as maker, or indorser, or *his* as owner, is altogether uncertain. The affidavit, should be express, certain, explicit and intelligible. *Cope* v. *Cooke*, 450 *Doug.; Cooke* v. *Dorree*, 1 *H. Bl. Rep.* 10; *Sayer* 109, *Stenton* v. *Hughes*, 6 *T. R.* 13; *Carthrow* v. *Stagger*, 8 *East*, 106, *Fenton & Ellis*, 6 *Taunt.* 192; *Taylor* v. *Forbes*, 11 *East*, 315; *McTaggart* v. *Ellis*, 4 *Bing.* 114—see 13 *Eng. C. L. Rep.* 366.

But it is endless to cite cases upon this subject. A great number of them may be found collected in 1 *Petersd. Abrid. tit. Affidavit* 390, and onward. The latter part of the affidavit, as to the book account, is also defective. It is for so much " *on* a balance of account against him in the books of the said banking company;" but does not state what the account is for. Many of the cases already cited, sustain this objection, and it is only necessary to add those of *Sheldon* v. *Baker*, 1 *T. R.* 83; *Eicke* v. *Evans*, 2 *Chitt. Rep.* 15—see 18 *Eng. C. L. Rep.* 234; *Bell* v. *Thrupp*, 1 *Chitt. Rep.* 331—18 *Eng. C. L. Rep.* 99.

The rule made absolute.

CITED in *Smith* v. *Abbott*, 2 *Harr.* 361; *Beman ads. Bennett*, 1 *Dutch.* 168; *Perry* v. *Orr*, 6 *Vr.* 298.